NOT DESIGNATED FOR PUBLICATION

No. 121,463

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHAN A. RAJEWSKI,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; MICHAEL J. HOELSCHER, judge. Opinion filed May 1, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: The district court placed Nathan Rajewski on probation for 24 months after he pleaded guilty to burglary and theft. When Rajewski stipulated to violating probation for the fourth time, the district court imposed a 180-day prison sanction. Rajewski has appealed that decision, arguing that the district court should have imposed a shorter sanction, such as a 3-day jail term or a 120-day prison term.

But the court had already imposed a 3-day jail sanction, and the court had the option of giving Rajewski a 180-day prison stay as a further sanction. We review that decision only for an abuse of discretion, find none, and affirm the district court's judgment.

With that overview, let's set out a few more details. In November 2018, Rajewski pleaded guilty to one count of felony burglary and one count of misdemeanor theft. The district court imposed an 11-month prison sentence for burglary and an 8-month jail sentence for theft, but it placed Rajewski on probation for 24 months, so he'd only have to serve those underlying sentences if he failed to successfully complete his probation.

By April 2019, three months after his sentencing, the district court had held three hearings on Rajewski's probation violations. At each hearing, Rajewski admitted to probation violations (mostly involving substance abuse), and the district court imposed a sanction but didn't revoke probation. The court extended Rajewski's probation by 18 months at the first hearing and ordered him to complete a drug-court program. At the second hearing, the court imposed a three-day jail sanction and ordered Rajewski to restart the drug-court program. And then it gave Rajewski a 30-day jail sanction at the third hearing.

The next month, the State alleged that Rajewski had violated his probation again by using spice, a type of synthetic marijuana, and failing to submit urine samples for drug testing. After Rajewski admitted to those violations, the district court imposed another intermediate sanction—this time 180 days in prison—rather than revoking his probation. Rajewski appealed that sanction, arguing that the court should have imposed a lesser sanction available under the probation-sanction statute, such as a 120-day prison sanction followed by a return to probation.

Under the statute in place when the district court made its decision, K.S.A. 2018 Supp. 22-3716(c)(1)(D), the district court had the option to impose a 180-day prison sanction when the court had already imposed a two-day or a three-day jail sanction for an earlier violation. So long as the court has imposed that shorter sanction, we review its decision to impose the 180-day prison sanction for an abuse of discretion. Unless the

2

district court has made a legal or factual error (which is not claimed here), we may find an abuse of discretion only when no reasonable person would agree with the district court's decision. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). (We note that K.S.A. 2018 Supp. 22-3716(c) was amended in 2019, but neither party contends the amended statute applies here.)

Rajewski admitted that he had violated probation for a fourth time, and the court had imposed the necessary lesser sanction before ordering him to serve 180 days in prison. So the only question for us to determine is whether a reasonable person could agree with the district court that after four probation-violation hearings in just the first few months of probation, a strong sanction—like 180 days in the state prison—was called for. A reasonable person could agree with that decision. Rajewski was not responding to lesser sanctions, so it was reasonable to conclude that a more severe sanction was warranted.

On Rajewski's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to impose a 180-day prison sanction.

We affirm the district court's judgment.